## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

JOSHUA B.,                                    )
                                              )
                        Plaintiff,            )
                                              )
            v.                                )          Case No. 21-cv-1172-JES-JEH
                                              )
COMMISSIONER OF SOCIAL                        )
SECURITY,                                     )
                                              )
                        Defendant.            )

# <u>ORDER</u>

This matter is now before the Court on the Report and Recommendation of Magistrate Judge Jonathan Hawley. (Doc. 26). On August 11, 2022, Judge Hawley recommended that Plaintiff's Motion for Summary Judgment (Doc. 22) be denied; and Defendant's Motion for Summary Judgment (Doc. 24) be granted, affirming the Decision of the Commissioner. The parties were advised that any objection to the had to be filed within 14 days. More than 14 days have elapsed, and no objections have been made. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *Lockert v. Faulkner*, 843 F.2d 1015 (7th Cir. 1988); *Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538, 539 (7th Cir. 1986). As the parties have failed to raise timely objections, any such objections have been waived. *Id*.

The relevant procedural history has been sufficiently outlined in the Magistrate Judge's comprehensive Report and Recommendation. While Plaintiff moved for summary judgment in his favor, he failed to support that he had severe physical impairments and that these were not fully accounted for in the Administrative Law Judge ("ALJ's") Residual Functional Capacity ("RFC") determination. Plaintiff also fails to support that his recognized severe mental impairments of Post-Traumatic Stress Disorder (PTSD); Attention Deficit Hyperactivity Disorder

(ADHD); anxiety; personality disorder; social phobia; intermittent explosive disorder; and dysthymia were not properly considered in the RFC where the ALJ found:

> [T]he claimant has the [RFC] to perform a full range of work at all exertional levels but with the following nonexertional limitations: he is limited to the performance of simple and routine tasks, and simple work related decisions. He is limited to occasional interaction with coworkers and supervisors, and can have no contact with the general public. He is limited to tolerating only occasional changes in a routine work setting.

(AR 142).

The Court finds that Plaintiff has failed to provide any legal argument, or to identify evidence from which the Court could find in his favor. Therefore, the Court adopts the Magistrate Judge Hawley's Report and Recommendation, denies Plaintiff's Motion for Summary Judgment, and grants the Commissioner's motion for summary judgment, affirming the decision.

## CONCLUSION

For the reasons set forth above, the Court adopts the Report and Recommendation (Doc. 26) of the Magistrate Judge in its entirety. Plaintiff's Motion (Doc. 22) for Summary Judgment is DENIED, and Defendant's Motion (Doc. 24) for Summary Judgment is GRANTED. This case is TERMINATED.

Signed on this 28th day of September, 2022.

    s/James E. Shadid
    JAMES E. SHADID
    UNITED STATES DISTRICT JUDGE